The Honorable Ronald B. Leighton

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDA DECARLO,<br><br>Plaintiff,<br><br>vs.<br><br>CUTERA CORPORATION, a Foreign Corporation, NORTHWEST VEIN AND AESTHETIC CENTER, P.S., YI SOO ROBERT KIM, M.D., and JOHNNA GERONTAS,<br><br>Defendants. | NO. 3:17-cv-05997-RBL<br><br>ORDER GRANTING MOTION FOR REMAND |

Before the Court is Defendants Northwest Vein & Aesthetic Center, Kim, and Gerontas's Motion for Remand. The motion was heard without oral argument.

**BACKGROUND FACTS & PROCEDURAL HISTORY**

On December 1, 2017, defendant Cutera Corporation filed a notice of removal. Cutera Corporation is a foreign corporation. On March 5, 2018, the Court issued an Order Granting Leave to Amend Complaint, allowing plaintiff Linda DeCarlo to file an amended complaint adding new claims against additional defendants Northwest Vein & Aesthetic Center, Yi Soo Robert Kim, M.D., and Johnna Gerontas. Plaintiff DeCarlo filed and served the amended complaint shortly thereafter.

Defendant Northwest Vein & Aesthetic Center is a Washington professional service corporation with its principal place of business in Tacoma, Washington. The two new

ORDER GRANTING MOTION FOR REMAND - 1
(3:17-cv-05997-RBL)

MULLIN, ALLEN & STEINER PLLC
101 Yesler Way, Suite 400
Seattle, Washington 98104
T: (206) 957-7007 F: (206) 957-7008

individual defendants, Yim and Gerontas, each reside in Washington. According to the Amended Complaint, plaintiff DeCarlo resides in Washington.

**ANALYSIS**

The removal statute, 28 U.S.C. § 1447, is strictly construed. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). According to 28 U.S.C. § 1447(e), "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Section 1447(e) "requires a district court either to deny joinder of non-diverse defendants or to permit joinder and remand the case to state court. A district court may not allow joinder and retain jurisdiction." *Stevens v. Brink's Home Security, Inc.*, 378 F.3d 944, 949 (9th Cir. 2004) (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001)). Once a non-diverse defendant is joined, remand becomes mandatory. *Id.*

Here, the Court has permitted joinder. The Amended Complaint adds three non-diverse defendants, destroying diversity jurisdiction per 28 U.S.C. § 1332(a). There is no other basis for the Court to retain subject matter jurisdiction. As a result, the Court lacks jurisdiction and is bound by § 1447(e). By operation of that statute, the Court must remand this action to Pierce County Superior Court.

Accordingly, IT IS HEREBY ORDERED: Defendants Northwest Vein & Aesthetic Center, Kim, and Gerontas's Motion for Remand is Granted. The Clerk of Court is directed to remand this action to the Pierce County Superior Court.

DATED this 1st day of May, 2018.

Ronald B. Leighton
United States District Judge

MULLIN, ALLEN & STEINER PLLC
101 Yesler Way, Suite 400
Seattle, Washington 98104
T: (206) 957-7007 F: (206) 957-7008